IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES "JIM" CORNETTE, | : |
| Plaintiff, | : |
| | : No. 3:19-cv-00219-KRG |
| v. | : |
| BRANDON GRAVER, et al., | : |
| Defendants | : |

**BRIEF IN SUPPORT OF DEFENDANT SHOPIFY (USA) INC.'S
MOTION TO DISMISS AMENDED COMPLAINT**

**I.   INTRODUCTION**

In this trademark infringement action, Plaintiff James "Jim" Cornette alleges that Defendants Brandon Graver, William J. Molnar, Jr., and The Indy Connection, Inc. sold t-shirts bearing Cornette's name, image, and likeness, which he contends constitute a protected mark. Along with the direct sellers of the allegedly infringing t-shirts, Cornette also sued Shopify Inc.—a cloud-based commerce platform providing website services for small and medium-sized businesses—and Shopify (USA) Inc. ("Shopify USA").

Recognizing neither Shopify entity actually sold the allegedly infringing t-shirts, Cornette does not allege Shopify USA directly infringed his alleged trademark. In fact, the Amended Complaint lacks any specific factual allegations against Shopify USA at all. Instead, Cornette's basis for suing the Shopify defendants is his contention that Shopify Inc. "hosts" the Indy Connection's website from which the other defendants sold the offending t-shirts, and Shopify USA provides applications "for use by the Shopify merchants." [Am. Compl. ¶¶ 33, 36].

Nowhere does Cornette allege that Shopify USA provided applications for use by Indy Connection or that those applications were utilized in connection with the offending t-shirts.

These bare conclusory allegations fall far short of demonstrating any right to relief against Shopify USA, and the Court should dismiss the Amended Complaint with prejudice.

*First*, Shopify USA is not subject to this Court's personal jurisdiction. As Cornette concedes, Shopify USA is a Delaware corporation with its principal place of business in San Francisco, California [Am. Compl. ¶ 35], and therefore the Court lacks general jurisdiction over Shopify USA. As to specific jurisdiction, the Amended Complaint contains no facts that would come close to satisfying the requisite minimum contacts necessary to subject Shopify USA to defending this lawsuit in Pennsylvania, and none exist. Thus, Plaintiff's claims certainly cannot "arise from" Shopify USA's purported contacts with Pennsylvania. The Court should reach the same result as other district courts to consider this issue and grant the motion to dismiss under Fed. R. Civ. P. 12(b)(2).

*Second*, and in the alternative, for the reasons set forth in Shopify Inc.'s motion to dismiss and supporting brief, the Amended Complaint fails to state a claim against Shopify USA for which relief can be granted, and the defects cannot be cured by a further amended pleading. Accordingly, the Court should dismiss the Amended Complaint against Shopify USA with prejudice. *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (dismissal with prejudice appropriate if amendment is futile); *Boyles v. Am. Heritage Life Ins. Co.*, No. 3:15-cv-274, 2016 WL 4031295, at *10 (W.D. Pa. July 26, 2016) (Gibson, J.).

## II. FACTUAL BACKGROUND

### A. Shopify USA Lacks Contacts With Pennsylvania and the Alleged Infringing Conduct.

Shopify Inc. is a cloud-based commerce platform which helps more than a million "merchants" (primarily small and medium-sized businesses) design and manage stores across multiple sales channels including web, mobile, social media, marketplaces, brick-and-mortar locations, and pop-up shops. [Am. Compl. ¶ 32; Hartman Declaration ¶ 8, attached to Shopify USA's Motion as **Exhibit A**]. Shopify USA is a subsidiary of Shopify Inc. that operates marketing applications for certain merchants who independently choose to install and utilize the applications. [Ex. A ¶¶ 8, 11]. The Kit app functions as an electronic marketing assistant, while the Ping app provides a free messaging app that allows merchants to communicate with current and prospective customers.

Cornette concedes that Shopify USA is a Delaware corporation with its principal place of business in San Francisco, California. [Am. Compl. ¶ 35; *see also* Ex. A ¶ 7]. Shopify USA is not registered to conduct business in the Commonwealth of Pennsylvania and does not have an office in Pennsylvania. [Ex. A ¶ 12]. And Shopify USA does not market, target, or tailor its products or services specifically to Pennsylvania residents. [*Id.* ¶ 13].

According to the Amended Complaint, the Indy Connection is a business operated by William Molnar. Cornette alleges the Indy Connection offers merchandise for sale online using a website powered by Shopify (theindyconnection.com), and that a second website (www.clownette.com) redirected browsers to a particular product listing on theindyconnection.com. [Am. Compl. ¶¶ 28, 52].

The Amended Complaint does not allege—nor can it—that Indy Connection used either the Kit or Ping apps, let alone in connection with the purportedly infringing conduct. The Indy

3

Connection did not opt-in, install, or use any of Shopify USA's applications, nor have Molnar or Graver used any of Shopify USA's applications in relation to the Indy Connection. [Ex. A ¶ 10]. In fact, Shopify USA does not have any contractual relationship with Indy Connection, Molnar, or Graver. [*Id.* ¶ 9].

Shopify USA is a wholly separate legal entity from Shopify Inc., and Shopify USA has no control over Shopify Inc. or any merchants, including the Indy Connection or the websites referenced in this lawsuit. [*Id.* ¶ 11]. Contrary to Plaintiff's conclusory allegations, Shopify USA does not host merchant websites, including the three websites identified in the Amended Complaint. [*Id.* ¶ 16]. Shopify USA likewise has no control over merchants (including the Indy Connection) and cannot direct whether, in what manner, or how merchants sell goods, including in Pennsylvania. [*Id.* ¶ 15]. In sum, Shopify USA has no involvement with any purportedly infringing merchandise complained about in this lawsuit. [*Id.* ¶ 17].

    **B.    Background of Dispute Between Cornette and the Other Defendants.**

Given Shopify USA's complete lack of involvement with the alleged infringing conduct, it is not surprising the Amended Complaint alleges no specific facts relating to Shopify USA. Instead, the claims arise from Cornette's belief that his name and likeness—although not federally registered as a trademark—have been infringed by Indy Connection, Graver, and/or Molnar (not Shopify USA) in connection with several parody t-shirts allegedly sold by them.

The lawsuit started as a social media dispute. According to the Amended Complaint, Cornette "tweeted" about an injury Graver sustained when a fluorescent light bulb sliced his arm during a wrestling match. After a back-and-forth of insulting jabs on Twitter, Cornette alleges he "was made aware of a t-shirt" being sold on the Indy Connection's website depicting his likeness "with tattoo needles protruding from his forehead, his eyes covered with bloody Xs and his mouth gagged," and the words "Fuck Jim Cornette" under the image. [Am. Compl. ¶ 43].

Cornette alleges that he complained to "Shopify and/or Shopify (USA)" about two listings for the offending t-shirt and that after each complaint the offending t-shirt "was removed from the web site." [*Id.* ¶¶ 44, 46]. Cornette further alleges that the Indy Connection website then began offering the same t-shirt but with different wording ("Mother Fucker") around the image. [*Id.* ¶ 47]. The Amended Complaint claims that "[p]urchasers can reach the t-shirt by typing www.fuckjimcornette.com" [*id.* ¶ 48], a domain name registered in September 2019 [*id.* ¶ 29]. In a footnote, Cornette admits this website is "parked" at GoDaddy.com, and not Shopify Inc. [*Id.* ¶ 29 n.2]. The Indy Connection also applied to trademark the phrase "Fuck Jim Cornette." [*Id.* ¶ 30].

On March 4, 2020, Cornette filed an amended complaint to assert claims concerning a third t-shirt allegedly using Cornette's image and the word "Clownette," which he contends began shipping on January 16, 2020. [*Id.* ¶ 50].

Cornette alleges the three t-shirts and the "fuckjimcornette.com" website violate his claimed trademark rights, and asserts six claims for relief against all defendants. Conspicuously missing from the Amended Complaint—like the initial one—is any allegation that Shopify USA actually <u>sold</u> the allegedly infringing t-shirts or, for that matter, had any involvement in the complained of conduct.

Because this Court does not have either general or specific jurisdiction over Shopify USA, and because Shopify USA had no involvement in the alleged infringing conduct (as set forth in more detail in Shopify Inc.'s motion to dismiss), the Court should dismiss the Amended Complaint against Shopify USA with prejudice.

### III. ARGUMENT

#### A. This Court Lacks Jurisdiction Over Shopify USA.

##### 1. <u>Legal Standard – Rule 12(b)(2) Motion</u>

A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.*, whether in personam jurisdiction actually lies." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).[1]  Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of proving that the court can exercise either general or specific personal jurisdiction over the defendant. *Zombeck v. Amada Co.*, 2007 WL 4105231, at *2 (W.D. Pa. Nov. 15, 2007).  "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

##### 2. <u>Shopify USA Is Not Subject to General Personal Jurisdiction in Pennsylvania</u>.

This Court can exercise general personal jurisdiction over a defendant who has maintained continuous and systematic contacts with the forum state (Pennsylvania) to render the defendant "essentially at home" here. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Zombeck*, 2007 WL 4105231, at *7 (citing *Provident*, 819 F.2d at 437).  A

---

[1] Federal district courts siting in diversity can assert personal jurisdiction over a non-resident defendant to the extent authorized by the law of the state in which the court sits, *see* Fed. R. Civ. P. 4(e), and Pennsylvania's Long-Arm Statute allows Pennsylvania federal courts to exercise personal jurisdiction "to the fullest extent allowed under" United States Constitution.  42 Pa. C.S.A. § 5322(b); *e.g.*, *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984).  The due process clause of the Fourteenth Amendment "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

corporation is "at home" in the states in which it is incorporated and maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Otherwise, corporations can only be "at home" in states where they have "extensive and pervasive" contacts. However, the level of contacts required for the Court to exercise general personal jurisdiction is much higher than that needed for specific personal jurisdiction because general jurisdiction can exist "even if the cause of action is unrelated to the defendant's activities in the forum state." *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 79 (3d Cir. 2015) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

As Cornette admits, Shopify USA is a Delaware corporation with its principal place of business in San Francisco, California. [Am. Compl. ¶ 35; Exhibit A ¶ 7]. Plaintiff does not contend that Shopify USA has <u>any</u> contacts, and certainly not "extensive" or "pervasive" contacts, with Pennsylvania to render it "at home" here. To the contrary:

- Shopify USA is not registered to do business in Pennsylvania;
- Shopify USA does not have any offices or facilities in Pennsylvania;
- Shopify USA does not market, target, or tailor its products or services specifically to Pennsylvania residents;
- Shopify USA's revenue earned from merchants based in Pennsylvania is relatively small compared to Shopify USA's overall income; and
- Shopify USA has no control over merchants and cannot direct whether, in what manner, or how merchants sell goods in Pennsylvania.

[Exhibit A ¶¶ 12-15].

Shopify USA is not subject to general personal jurisdiction in Pennsylvania.

### 3. **Shopify USA Is Not Subject to This Court's Specific Jurisdiction Because It Lacks the Requisite Minimum Contacts with Pennsylvania.**

Likewise, Cornette fails to meet—and cannot meet—his burden to establish specific jurisdiction over Shopify USA.

A prerequisite to a federal court's exercise of specific personal jurisdiction is that the plaintiff's claim must be "related to or arise[] out of the defendant's contacts with the forum." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (citation omitted); *Provident Nat. Bank*, 819 F.2d at 437.  To establish specific jurisdiction over Shopify USA, this Court must find both that (1) Shopify USA has constitutionally sufficient "minimum contacts" with Pennsylvania, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), and (2) exercising specific personal jurisdiction comports with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co.*, 326 U.S. at 316.

Cornette cannot establish his claims "arise out of" Shopify USA's contacts with Pennsylvania because Shopify USA does not have the requisite minimum contacts needed for this Court to exercise specific personal jurisdiction.  The Court's minimum contacts analysis queries whether a defendant has purposefully availed itself "of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws."  *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (citing *Burger King*, 471 U.S. at 475).  As to the second element of specific jurisdiction, the defendant "should [have] reasonably anticipate[d] being haled into court" in the forum to comport with the traditional notions of fair play and substantial justice to make jurisdiction appropriate.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Here, putting aside the legal conclusion that defendants have "minimum contacts" with Pennsylvania [Am. Compl. ¶ 4], the sole allegation of Shopify USA's connection to the conduct is Cornette's averment that, upon information and belief, Indy Connection and Molnar "use the services of Defendants Shopify and Shopify (USA) in the marketing and sale of the products on the Indy Connection web site."  [*Id.* ¶ 37].  Although the Amended Complaint pleads that

Shopify USA provides Kit and Ping applications to merchants, wholly missing is any allegation that Indy Connection (or any other defendant) actually used those applications, including in connection with the allegedly infringing t-shirts. Quite simply, the Amended Complaint fails to allege that Shopify USA had <u>any</u> contact with Pennsylvania, and nowhere alleges the minimum contacts needed to establish that Cornette's claims arose from Shopify USA's contact with Pennsylvania.

As set forth in Ms. Hartman's declaration, Shopify USA does not have minimum contacts with Pennsylvania, including with respect to the claims in this lawsuit. Specifically, Shopify USA does not have a contractual relationship with Indy Connection, Molnar, or Graver. [Ex. A ¶ 9]. Indy Connection did not opt-in, install, or use any of Shopify USA's applications, and Molnar and Graver have not used any of Shopify USA's applications in relation to the Indy Connection. [*Id.* ¶ 10]. Shopify USA does not provide the platform for, host, or have any involvement with https://theindyconnection.com, fuckjimcornette.com, or www.clownette.com. [*Id.* ¶ 16]. Nor does Shopify USA have any control over either Shopify Inc. (a separate legal entity) or any merchant, including the Indy Connection. [*Id.* ¶¶ 11, 15]. Shopify USA has no involvement with the sale of the purportedly infringing t-shirts. [*Id.* ¶ 17]. By definition, Cornette's claims relating to the allegedly infringing t-shirts and website cannot arise from Shopify USA's contacts with Pennsylvania because there were none.

Of course, simply because Shopify USA's applications were accessible in, or even accessed from, Pennsylvania does not mean Shopify USA is subject to this Court's specific personal jurisdiction. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). As stated by the Third Circuit, "[T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be

evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454.

Plaintiff has not pleaded Shopify USA directly targeted Pennsylvania, and Shopify USA has not. [Ex. A ¶ 13]. And no activity of Shopify USA relates to the specific parties or events alleged in the Amended Complaint. Accordingly, the Court should dismiss the Amended Complaint against Shopify USA under Fed. R. Civ. P. 12(b)(2), consistent with other federal district court decisions considering this precise issue. *See Lopez v. Shopify, Inc.*, 2017 WL 2229869, at *7–9 (S.D.N.Y. May 23, 2017) (recommending dismissing complaint against Shopify USA for lack of personal jurisdiction), *adopted by Lopez v. Shopify, Inc.*, 2018 WL 481891 (S.D.N.Y. Jan. 17, 2018).

### B. Plaintiff Fails to State a Legally Viable Claim for Relief Against Shopify USA.

In addition to the Court's lack of personal jurisdiction over Shopify USA, the Amended Complaint fails to state a claim against Shopify USA for the reasons stated in Shopify Inc.'s motion to dismiss and supporting brief, which are incorporated herein by reference.

## IV. CONCLUSION

This Court lacks both general and specific jurisdiction over Shopify USA. Even if it did have jurisdiction, the Amended Complaint fails to state a claim against Shopify USA because, among other things, Shopify USA did not sell the allegedly infringing t-shirts, as detailed in Shopify Inc.'s motion to dismiss and supporting brief. Because these defects cannot be cured by further amendment—and they were not cured by Plaintiff's first amendment—this Court should grant Shopify USA's motion and dismiss the Amended Complaint with prejudice.

                                                          STEVENS & LEE, P.C.

Date:  March 12, 2020                By:  */s/ Julie E. Ravis*
                                                          Julie E. Ravis (PA 203101)
                                                          111 North Sixth Street, P.O. Box 679
                                                          Reading, Pennsylvania  19603
                                                          Telephone:  (610) 478-2077
                                                          Facsimile:  (610) 371-7747
                                                          E-mail:  jera@stevenslee.com

                                            *Attorneys for Defendant Shopify (USA) Inc.*